

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Miller" (2008). *2008 Decisions*. Paper 1601.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1601

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-5335

UNITED STATES OF AMERICA

v.

MICHAEL LEWIS MILLER,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Crim. No. 96-cr-00051
District Judge: The Honorable Juan R. Sánchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge**

(Filed:  February 14, 2008)

OPINION

SMITH, *Circuit Judge*.

    In April 1997, Michael Miller was convicted of conspiracy, wire fraud, and

securities fraud for his role in a complex scheme involving the leasing of worthless stocks

---

*The Honorable Gustave Diamond, Senior District Judge for the United States District
Court for the Western District of Pennsylvania, sitting by designation.

of three public companies to the Teale Network, which in turn "represented these leased stocks as assets available to pay claims pursuant to reinsurance contracts entered into with a Pennsylvania-based insurance company, the World Life and Health Insurance Company . . . . When World Life attempted to liquidate these assets to pay outstanding medical reinsurance claims, the stocks were found to be worthless." *United States v. Miller*, 417 F.3d 358, 360 (3d Cir. 2005).

On January 22, 1998, the District Court sentenced Miller to seven months of incarceration. Miller appealed, challenging his conviction. The United States filed a cross-appeal challenging the sentence. We affirmed the convictions and vacated for resentencing. On February 3, 2003, the District Court held a resentencing hearing. The District Court found that Miller and his co-defendants caused a total fraud loss of approximately $3.2 million, and ordered restitution in that amount. The District Court enhanced Miller's offense level and sentenced Miller to 51 months of incarceration and two years of supervised release. This Court affirmed. Miller appealed to the United States Supreme Court, which vacated the judgment of this Court and remanded in light of its opinion in *United States v. Booker*, 543 U.S. 220 (2005). We, in turn, vacated Miller's sentence and remanded to the District Court for resentencing in accordance with *Booker*. *Miller*, 417 F.3d at 362 (citing *United States v. Davis*, 397 F.3d 173, 183 (3d Cir. 2005)).

District Judge Sánchez conducted the resentencing hearing because the original sentencing judge, Judge Newcomer, was then deceased. Judge Sánchez ultimately

imposed the same sentence of imprisonment as Judge Newcomer had imposed, but he increased the term of supervised release from two to three years. Miller timely appealed.[1]

Miller raises four arguments on appeal. First, he argues that the application of *Booker*'s remedial opinion to his case violates 18 U.S.C. 3742(g).[2] As we understand his argument, Miller argues that the remedial portion of *Booker* does not apply to him because his case was pre-*Booker* and because the *mandatory* guidelines were the ones that "were in effect on the date of the previous sentencing." 18 U.S.C. 3742(g). Therefore, he argues, the *mandatory* guidelines must apply to him and factors not determined by the jury may not be used to increase his sentence above the applicable guidelines level. We reject this argument.

The Supreme Court severed and excised the portion of the law which dictated that the guidelines were mandatory—18 U.S.C.A. § 3553(b)(1)—from the rest of the statute in *Booker*. On its face, § 3742 refers only to *which* guidelines apply and not *how* they are to be applied. Further, *Booker* itself said that: "we must apply today's holdings—both the Sixth Amendment holding *and our remedial interpretation* of the Sentencing Act—to all cases on direct review." *Booker*, 543 U.S. at 268 (emphasis added). Indeed, Miller's

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Section 3742(g) reads: "the court shall apply the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ."

case was remanded for resentencing in light of *Booker*. Finally, any objection Miller has to judicial fact-finding has been rejected by this Court in *U.S. v. Grier*, 475 F.3d. 556 (3d Cir. 2006) (en banc), which held that a preponderance of the evidence burden of proof applies in determining facts relevant to defendant's sentencing.

Second, Miller argues that the District Court improperly increased his supervised release term from two to three years.[3] We find this argument is also without merit. The resentencing judge had discretion to impose a period of supervised release up to and including three years. 18 U.S.C. § 3583(b)(2). After reviewing the record, we are satisfied that the factors of § 3553(a) properly informed the District Court's decision to increase the period of supervised release, and that the Court did not abuse its discretion in doing so.

Miller also asserts that when a defendant receives a harsher sentence on resentencing, the presumption of vindictiveness applies. However, the Supreme Court has limited application of the presumption to circumstances in which there is a "reasonable likelihood" that the increase in sentence is the product of actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness. *Id.* at 799–800. The record before us reveals nothing to suggest there is a

---

[3] We review the imposition of supervised release for an abuse of discretion. *United States v. Warren*, 186 F.3d 358, 362 (3d Cir. 1999).

4

likelihood that Judge Sánchez was "vindictive" in his resentencing of Miller. Further, Miller has not put forth any facts from which we could infer a likelihood of vindictiveness, much less actual vindictiveness.

Third, Miller contends that the District Court incorrectly imposed a sentence for full restitution without making the requisite factual findings required under the Victim Witness Protection Act. The District Court ordered full restitution after the first resentencing hearing in February 2003. The sentence from which Miller now appeals was only remanded for consideration in light of *Booker*. During the pendency of his appeal to this Court, we decided *United States v. Leahy*, 438 F.3d 328 (3d Cir. 2006). In *Leahy*, this Court determined that *Booker* does not apply to orders of restitution. Therefore, restitution was outside the scope of the remand.

Finally, Miller argues that he was entitled to a *de novo* resentencing hearing because the original presiding judge was not available. After reviewing the record, we are satisfied that the hearing conducted by the District Court afforded Miller a fair resentencing. Judge Sánchez carefully reviewed all of Judge Newcomer's factual findings and conclusions of law, considered both the original and supplemental presentence reports, and afforded the defense an opportunity to present evidence and additional testimony regarding medical and financial issues affecting Miller and his family. To require anything more than what the District Court actually did would be mere formalism. Therefore, we will affirm the judgment of the District Court.